FILED

Amir J. Goldstein, Esq. (CA Bar No. 255620)
ajg@consumercounselgroup.com
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

2011 NOV 18 AM 10: 29

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ARLYS A. AARNES,

    Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP aka GC SERVICES LP and DOES 1 through 10 inclusive,

    Defendants.

CASE NO.: SACV11-1784-CJC(RNBx)

COMPLAINT FOR DAMAGES

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant, GC SERVICES LIMITED PARTNERSHIP aka GC SERVICES LP alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in Brea, California.
3. Upon information and belief, Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Houston, Texas.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where Defendant corporation is subject to jurisdiction in this district as it regularly conducts business in this district.

## FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.
6. That a personal debt was allegedly incurred by Plaintiff to United Student Aid Funds (USAF).
7. That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to Defendant for collection.
8. That in or about August 2011 through November 2011, the Defendant made several calls to the Plaintiff in an attempt to collect a debt.

### *Count One*

9. Plaintiff realleges paragraphs 1 through 8 as if fully restated herein.
10. That during one such phone call, Defendant's agent, one **"Tiffany"** asked Plaintiff about private and confidential information such as her income, bills and employment.
11. That during said phone conversation, **"Tiffany"** falsely informed Plaintiff that Defendant contacted "Abigail Abbott" (a temporary staffing agency) and was told that Plaintiff received a paycheck within the last thirty days.

12. That Plaintiff has not received any paychecks from Abigail Abbott or Abbott Staffing Group since on or about 2008.

13. That Plaintiff called Abbott Staffing Group and spoke with one "Sogol Hosseinzadeh." That according to Sogol Hosseinzadeh, Ms. Hosseinzadeh informed Defendant that Plaintiff had not received a paycheck from them since 2008, contrary to what Defendant told the Plaintiff.

14. That Defendant's communication contained abusive and harassing language in violation of 15 U.S.C. §1692d.

15. That Defendant's communications contain language demonstrating false statements and deceptive representations, and misleading and overshadowing language which contradicts the consumer's rights in violation of 15 U.S.C. §1692e.

## Count Two

16. Plaintiff realleges paragraphs 1 through 15 as if fully restated herein.

17. That following Plaintiff's conversation with Defendant's agent **"Tiffany,"** Plaintiff was then transferred to another agent, one **"Victor."**

18. That Plaintiff informed **"Victor"** that she could not continue with the phone conversation and that Victor assured Plaintiff he would call her the next day.

19. That the following day, **"Victor"** did not call Plaintiff.

20. That Plaintiff called Defendant, was connected to an agent and asked to speak with **"Victor."**

21. That Plaintiff informed the agent that Victor did not call her back as he stated he would, to which Defendant's agent angrily responded that **it is not Defendant's problem** and that **Defendant did not have to call Plaintiff!!!**

22. That Defendant's agent went on to yell and reprimand Plaintiff and told Plaintiff that **it was up to her to take care of her bills, that Plaintiff knew she had a student loan and that it needed to be paid.**

23. That Defendant's communication contained abusive and harassing language in violation of 15 U.S.C. §1692d.

24. That Defendant's communications contain language demonstrating false statements and deceptive representations, and misleading and overshadowing language which contradicts the consumer's rights in violation of 15 U.S.C. §1692e.

25. That Defendant failed to properly advise Plaintiff of her rights in violation of 15 U.S.C. §1692g.

### Count Three

26. Plaintiff realleges paragraphs 1 through 25 as if fully restated herein.

27. That Plaintiff completed certain paperwork for a payment plan and forwarded said documents to Defendant.

28. That on or about September 27, 2011, Plaintiff called Defendant to follow up on the status of her paperwork and asked to speak with one **"Jocelyn"** pursuant to the instructions Defendant provided on said paperwork.

29. That when Plaintiff asked to speak to **"Jocelyn,"** Defendant's agent, one **"Bianca"**, could not identify who **"Jocelyn"** was, did not direct Plaintiff's call, and abruptly hung up on Plaintiff.

30. That Defendant's communication contained abusive and harassing language in violation of 15 U.S.C. §1692d.

### Count Four

31. Plaintiff realleges paragraphs 1 through 30 as if fully restated herein.

32. That on or about September 12, 2011, Plaintiff called the Defendant to check on the status of certain paperwork Plaintiff was to receive in order to sign up for a payment plan.

33. That Defendant's agent, one **"LaToya"** informed Plaintiff that said paperwork was mailed to Plaintiff on **September 2, 2011**.

34. That Plaintiff did not receive said paperwork until **September 19, 2011**.

35. That contrary to the representations made by Defendant, the envelope containing said paperwork was postmarked on **September 7, 2011**.

36. That on or about October 14, 2011, Plaintiff spoke with Defendant's agent, one **"Peter"** who informed Plaintiff that she was "cut" from the payment program due in part to the fact that correspondence from the Defendant came back **"undeliverable."**

37. That notwithstanding prior correspondence Plaintiff received from Defendant with the identical mailing address, Defendant falsely claimed that it allegedly mailed letters to Plaintiff that came back as "undeliverable."

38. That on or about November 16, 2011, Plaintiff received correspondence from Defendant at her residence, notwithstanding Plaintiff's clear instructions that all communications be mailed to her P.O. Box address.

39. That Defendant's communications contain language demonstrating false statements and deceptive representations, and misleading and overshadowing language which contradicts the consumer's rights in violation of 15 U.S.C. §1692e.

*Count Five*

40. Plaintiff realleges paragraphs 1 through 39 as if fully restated herein.

41. That Defendant would call Plaintiff's phone number repeatedly and hang up without leaving any messages.

42. That Defendant's conduct and communications harassed Plaintiff in violation of 15 U.S.C. §1692d.

43. That Defendant caused a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number in violation of 15 U.S.C. §1692d.

44. That Defendant, in an attempt to collect a debt, engages in a pattern or practice of making representations which are false, harassing, confusing, misleading, deceptive and/or unfair.

45. That following Defendant's conduct, Plaintiff suffered actual damages, including, but not limited to: high blood pressure, stress, anxiety, aggravation and sleepless nights.

46. That Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (e) and (g) in that the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, harassing, unfair and fail to advise the consumer of his legal rights as required by law.

   i. The Defendant violated 15 U.S.C. § 1692d by harassing the Plaintiff;
   ii. The Defendant violated 15 U.S.C. § 1692e by using false representations and by employing deceptive means in an attempt to collect a debt.
   iii. The Defendant violated 15 U.S.C. §1692g for failing to properly advise Plaintiff of her rights.

47. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, the Defendant is liable to the Plaintiff for actual damages and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

48. Plaintiff realleges paragraphs 1 through 47 as if fully restated herein.

49. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

50. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation: By causing a telephone to ring repeatedly or continuously annoy the person called; By communicating, by telephone with the debtor with such frequency as to be unreasonable and to constitute harassment; and By making false and deceptive representations.

51. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover her actual damages sustained as a result of the Defendant's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

52. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to her actual damages, penalties of at least $1,000 per violation as provided for in the Act.

53. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

(a) Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(b) Statutory damages and actual damages pursuant to Civil Code §1788.30 et seq., as to the second cause of action.

(c)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Civil Code §1788.30, *et seq.*

(d)     For such other and further relief as may be just and proper.

(e)     Plaintiff requests trial by jury on all issues so triable.

Dated: November 16, 2011

AMIR J. GOLDSTEIN, ESQ.

_____
Amir J. Goldstein
Attorney for Plaintiff

8
Complaint for Damages

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

**SACV11- 1784 CJC (RNBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY